# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 1:26-CV-01800 (RER) (RML)

---

ISUE MALIK JABBAR; KHADIJA AMINA JABBAR

VERSUS

NEW YORK CITY HOUSING AUTHORITY (NYCHA); NEW YORK CITY HUMAN RESOURCES ADMINISTRATION (HRA); NEW YORK CITY DEPARTMENT OF FINANCE (ACRIS); U.S. DEPARTMENT OF VETERANS AFFAIRS (VA BRONX); HUD-VASH PROGRAM; B&S HOLDINGS GROUP LLC; 177 BEACH 26TH ST LLC

---

**MEMORANDUM & ORDER**

---

**RAMÓN E. REYES, JR., District Judge:**

On March 24, 2026, *pro se* plaintiffs Isue Malik Jabbar and Khadija Amina Jabbar ("Plaintiffs") filed this action against defendants. (ECF No. 1 ("Compl.")). Plaintiffs' requests to proceed *in forma pauperis* are granted pursuant to 28 U.S.C. § 1915. (ECF Nos. 2, 3). For the reasons explained below, however, the complaint is dismissed without prejudice to the filing of an amended complaint within thirty (30) days of this Order.

## BACKGROUND

The Court discerns the following factual allegations from Plaintiffs' complaint.

Plaintiffs applied for rental assistance through the New York City Human Resources Administration ("HRA") "for the purpose of satisfying rental arrears and maintaining stable housing." (Compl. at 2). Despite their eligibility and submission of the required documents, however, "HRA failed to properly process, approve, or disburse the requested rental assistance in a timely and lawful manner." (*Id.*) As a result, Plaintiffs

experienced "ongoing financial hardship, mounting arrears, and the imminent threat of housing instability." (*Id.*) Further, the New York City Housing Authority ("NYCHA") and "related housing authorities failed to properly administer housing protections and failed to ensure that Plaintiffs received the benefit of housing programs designed to prevent displacement." (*Id.*) The U.S. Department of Veteran Affairs in the Bronx (the "Bronx VA") and the Housing and Urban Development-VA Supportive Housing ("HUD-VASH") program "was not properly coordinated, administered, or applied, thereby depriving Plaintiffs of the full benefit of such programs." (*Id.*) Finally, private landlord entities, including B&S Holdings Group LLC and 177 Beach 26th St LLC, "continued to demand rent payments and pursue enforcement actions despite the existence of pending assistance applications and unresolved administrative issues." (*Id.*)

Plaintiffs raise three claims for relief against all defendants: (1) denial of Fourteenth Amendment due process under 42 U.S.C. § 1983, for denying housing benefits without proper notice and a meaningful opportunity to be heard; (2) "housing and benefits misadministration" due to Defendants failure to administer benefits in accordance with applicable laws and regulations; and (3) "negligence and misconduct" due to Defendants' breach of their duty to act with reasonable care in the processing and administration of housing assistance benefits. (*Id.* at 2–3).

## **LEGAL STANDARD**

Courts are required to give special consideration to *pro se* litigants who are not attorneys and represent themselves. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving *pro se* complaints special consideration, courts must look for

the strongest arguments suggested by the pleadings. *Id.*; *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191–93 (2d Cir. 2008). If the court finds any possibility that "a valid claim might be stated," it must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000).

A federal statute, 28 U.S.C. § 1915(e)(2), allows indigent plaintiffs to file lawsuits without paying the usual filing fee. This statute requires a district court to dismiss a case if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). To avoid dismissal, a complaint must include facts that show that the defendants may be responsible for the harm to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not enough to say "the defendant harmed me"; the claim must include factual details that, if they are true, would show that the defendant broke the law. *Iqbal*, 556 U.S. at 678.

Moreover, federal court plaintiffs must establish that the court has subject-matter jurisdiction over the action. There are two types of federal subject-matter jurisdiction. One type is called federal question jurisdiction, and the complaint must have a claim based on a federal law. *See* 28 U.S.C. § 1331. The other type of federal subject-matter jurisdiction is diversity jurisdiction, in which the plaintiff must show that plaintiff and defendants have complete diversity of citizenship, which means that all the defendants must live in a

different state than the plaintiff, and the amount in controversy must be for greater than $75,000. *See* 28 U.S.C. § 1332. The Federal Rules of Civil Procedure require the court to dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

## **DISCUSSION**

I. Claims Against New York City and its Agencies, and NYCHA

To bring a section 1983 case, a plaintiff must allege that "a person acting under color of state law," usually a government official, has violated a civil right that is guaranteed by the United States Constitution. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Section 1983 does not extend to harms caused by private individuals or organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (quotation marks and citation omitted)). A municipality (such as the City of New York and its agencies) or other local government entities (such as NYCHA) can be liable under section 1983 only if a plaintiff can show a municipal or other local government policy or custom caused the deprivation of a right guaranteed by the United States Constitution. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012). Proof of a single incident of unconstitutional activity is not enough to impose liability on a municipality or local government entity unless the incident was caused by an existing, unconstitutional policy that can be attributed to a policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). "The liability standard applied to claims under Section 1983 brought against NYCHA is the same

standard applied to those brought against the City of New York." *Hill v. New York City Hous. Auth. Managed Jacob Riis Houses,* No. 25 Civ. 4588 (LTS), 2026 WL 1295833, at *4 n.3 (S.D.N.Y. May 11, 2026) (citing *Carrero v. N.Y.C. Hous. Auth.*, 890 F.2d 569, 576–77 (2d Cir. 1989)).

As an initial matter, while New York State laws and New York City administrative regulations may provide a general right to shelter, as well as procedures for applying for temporary emergency shelter and long-term housing support and for challenging eligibility decisions, *see Jenkins v. New York City Dep't of Homeless Servs.*, 643 F. Supp. 2d 507, 512–14 (S.D.N.Y. 2009), access to shelter is not a federal constitutional right, nor is there any constitutional obligation to provide a particular type of housing, *see Lindsey v. Normet*, 405 U.S. 56, 74 (1972). To that extent, any of Plaintiffs' claims based on the denial of the general right to shelter are dismissed.

Further, Plaintiffs' claims against HRA or the New York City Department of Finance ("DOF") must be dismissed because an agency of the City of New York is a non-suable entity.[1] N.Y.C. Admin. Code & Charter Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). Therefore, the proper defendant is the City of New York.

However, it would not help Plaintiffs merely to name the City of New York instead of HRA/DOF because the complaint also fails to comply with Rule 8. Plaintiffs have not

---

[1] Unlike HRA, NYCHA is a suable entity. *See Hill*, 2026 WL 1295833, at *4 n.3 (citing N.Y. Pub. Hous. Law §§ 37(1)(s), 401) ("NYCHA, a named defendant, is not a New York City agency. It is a public benefit corporation created by New York State law, and it has the capacity to be sued.").

explained how they were harmed by the City of New York or any City agency. Nor have they explained how they were harmed by NYCHA. They seem to be dissatisfied with the process of applying for rental assistance and housing programs, and subsequent outcomes. However, they have not explained what process they were not given. Nor does their complaint suggest their ineligibility for these programs is a result of an unconstitutional custom or policy triggering protection under section 1983. Plaintiffs also have not named an individual employee who may be responsible for some unconstitutional act.

Plaintiffs name various agencies and entities as defendants, but they do not ascribe any specific actions or omissions to the City of New York or its agencies or employees, or to NYCHA or its employees. Plaintiffs have not provided information about efforts they made to apply for permanent housing, eligibility determinations, or any other processes to secure adequate housing. Moreover, Plaintiffs do not identify any unconstitutional custom or policy that allegedly harmed them. Accordingly, their claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

II. Claims Against the Bronx VA and HUD-VASH

To the extent Plaintiffs pursue section 1983 claims against federal agencies—the Bronx VA and HUD-VASH—those claims are dismissed. Claims under 42 U.S.C. § 1983 are not properly asserted as against federal agencies or their employees. *E.g., Herbst v. U.S. Postal Serv.*, 953 F. Supp. 2d 463, 466 (E.D.N.Y. 2013) (dismissing section 1983 claims where alleged conduct constituted action under color of federal law and individual defendants acted pursuant to their duty as federal officers). Even if construed as a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403

U.S. 388 (1971), it would have to be dismissed. This Court is unaware of any controlling decision that has extended *Bivens* to relief for purported housing violations. *See Doe v. Hagenbeck*, 870 F.3d 36, 43 (2d Cir. 2017) ("In the forty-six years since *Bivens* was decided, the Supreme Court has extended the precedent's reach only twice, and it has otherwise consistently declined to broaden *Bivens* to permit new claims.").

III. Claims Against Private Landlords

"Under 42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting under color of state law." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Plaintiffs do not allege facts to show that their landlords are state actors or acted under color of state law. Thus, Plaintiffs' section 1983 claims against these defendants are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Southerland v. NYCHA*, No. 10-CV-5243 (SLT), 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (federal courts lack subject-matter jurisdiction over landlord-tenant disputes); *Rosquist v. St. Marks Realty Assoc., LLC*, No. 08-CV-2764 (NGG), 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (same).

IV. Leave to Amend

Since Plaintiffs are proceeding *pro se* and the Court has a duty to liberally construe their claims, the Court grants leave to file an amended complaint within thirty (30) days of the date of this Order. It is clear to the Court that Plaintiffs' claims are inadequately pleaded, and perhaps irreparably so. Nevertheless, Plaintiffs are encouraged to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/ or

by phone at (212) 382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse. The Federal Pro Se Legal Assistance Project operates independently and is not a part of the Court, but provides confidential advice to *pro se* parties on how to proceed with litigation.

If Plaintiffs want to continue pursuing federal civil rights claims pursuant to 42 U.S.C. § 1983, they must identify the alleged constitutional violation and name the specific individual(s) who were acting under color of *state* law and may be personally responsible for the alleged constitutional deprivation(s). They must provide dates, locations, and details of any alleged violations and explain how each defendant was involved. If Plaintiffs wish to pursue section 1983 claims against the City of New York or NYCHA for any unconstitutional policies or customs, they must name those specific policies or customs and show how they were adversely affected by them. If Plaintiffs desire to assert section 1983 claims against private parties, they must allege facts to show that those private parties were state actors or were otherwise acting under of color of state law. If Plaintiffs wish to assert any other claims under federal law they must do so adequately. Further leave to replead is unlikely to be granted.

If Plaintiffs choose to file an amended complaint, the submission should be labeled "Amended Complaint" and include Docket Number 26-CV-01800 (RER)(RML). Plaintiffs are reminded that any amended complaint completely replaces the prior pleading.

## CONCLUSION

The complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, in light of this Court's duty to liberally construe *pro se* complaints, Plaintiffs are given thirty (30) days leave to file an amended complaint as set

forth above. If Plaintiffs do not file an amended complaint within thirty (30) days or show good cause why they cannot comply, the Clerk of Court shall be directed to enter judgment and close the case.

Although IFP was granted, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Nowak v. JP Morgan Chase Bank, N.A.*, No. 18-CV-4972 (BMC) (SJB), 2019 WL 8348895, at *2 (E.D.N.Y. Apr. 1, 2019) (citing *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962)).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiffs at their address of record and note the mailing on the docket.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: November 13, 2026
Brooklyn, New York